# SAMELS LUMBER COMPANY v. ADOLPH KROPF and Others.[1]

January 13, 1911.

Nos. 16,800—(215).

**Mechanic's lien — evidence.**

> In an action to foreclose a mechanic's lien, the findings of fact to the effect that certain material furnished the contractor by a third person was not in legal effect a part of the material furnished by plaintiff *held* sustained by the evidence.

Action in the district court for Scott county against Adolph Kropf, Franciscan Brotherhood of Minnesota, a corporation, and four other persons, to foreclose a mechanic's lien for material of the value of $535.69 upon certain property of that brotherhood. By stipulation, the Church of St. John at Jordan was made a party defendant. The separate answer of the brotherhood and of the Church of St. John admitted that certain items of materials were sold to and used by defendant Kropf in the school building mentioned in the complaint, but alleged that the items admitted were purchased by Kropf from and furnished by the Nelson Sash & Door Company, and on January 16, 1909, before plaintiff's lien was filed, Kropf paid the Nelson Sash & Door Company in full for such items; and alleged that plaintiff did not furnish to Kropf, or any other person, any labor or materials within ninety days prior to the filing of plaintiff's lien. The other defendants did not appear. The facts were stipulated in open court. The case was tried upon the pleadings and the stipulation, before Morrison, J., who ordered judgment of dismissal on the merits. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*E. Southworth,* for respondents.

[1] Reported in 129 N. W. 370.

BROWN, J.

Action to foreclose a mechanic's lien in which defendant had judgment, from which plaintiff appealed.

It appears from the evidence and findings of the trial court that on April 24, 1908, defendant entered into a contract with one Kropf for the construction of a school building at Jordan, this state. The contract price for the building completed was $28,980. The contractor agreed by the terms of the contract to furnish all labor and material employed or used in the work of construction. Between May 20 and October 14, 1908, plaintiff, a corporation, sold and delivered to Kropf, the contractor, lumber and material to be, and which was, used in the construction of the building, and of the aggregate value of $496.29, no part of which has ever been paid. On February 5, 1909, plaintiff made and filed in the office of the register of deeds of Scott county its claim for a lien upon the premises on which the building was constructed, and thereafter brought this action to foreclose the same. The last item of material was furnished by plaintiff on October 14, 1908. The lien statement was not filed until February 5, 1909. It was not, therefore, filed within the time provided for by statute, and plaintiff must fail in the action, unless its contention that it in fact furnished other material subsequent to the date named, and within ninety days from the date on which the statement was filed be sustained.

The facts in reference to this claim, as appears from the stipulation of facts, are as follows: During the negotiations for lumber and material for the construction of the building, the contractor and Frank A. Samels, president and manager of plaintiff, visited the offices of the Eddy Lumber Company, at Minneapolis, "and there it was agreed that said last-named company would furnish certain of said lumber, and ship the same to the contractor, and charge the same to said plaintiff. At the same time A. W. Eddy, the manager of said Eddy Lumber Company, was requested to ascertain from the Nelson Sash & Door Company the sum for which they would furnish said mill work. * * * That thereupon said Eddy Lumber Company obtained figures from said Nelson Sash & Door Company some days subsequent, and made known the same

to [plaintiff's manager] and [the contractor, to which the contractor assented]. That thereupon said Eddy Lumber Company was requested by said Kropf in the presence of [plaintiff's manager] to notify said Nelson Sash & Door Company of said acceptance, and to notify them to prepare such mill work and ship the same to [the contractor] but nothing was said by either [the contractor] or [plaintiff's manager] about to whom said mill work should be charged. That said Eddy Lumber Company, assuming that it was the intention of said Kropf and of said Samels that said mill work should be charged in the same manner as the lumber to be furnished by said lumber company, notified the Nelson Sash & Door Company by telephone of the acceptance of their figures, and directed them to manufacture and ship the same to [the contractor], and charge the same to the plaintiff." The Nelson Company filled the order and charged the amount thereof, $2,495, to plaintiff.

The last item of material so furnished was upon November 12, 1908. And if this material is to be treated as having been furnished by plaintiff, because of the fact that its manager was instrumental in securing the same jointly with the contractor, and the fact that the price thereof was, without authority from either party, charged to plaintiff upon the books of the Nelson Company, then it is probable that plaintiff's lien statement was filed in time. The trial court found that this material was not furnished by plaintiff, and this finding is assigned as error.

We are unable from the record to discover, within the rule guiding this court, grounds for overturning the findings of the trial court upon this question. Though there is no controversy as to the evidentiary facts, the ultimate fact was for the trial court to determine. Plaintiff was in no manner interested, as surety or otherwise, with the contractor, nor responsible for the faithful performance of the contract. The Eddy Lumber Company had no express authority to direct the Nelson Company to charge the account to plaintiff; and though it was so charged, and plaintiff notified of the fact by the Nelson Company, yet, when the time of payment arrived, plaintiff protested that the bill had been charged to it, without authority, and that it was not liable therefor. The bill was in fact

paid by the contractor before plaintiff filed its lien statement. In view of this situation, we are of the opinion that the trial court was fully justified in finding that the material furnished by the Nelson Company was not in fact or legal effect a part of that furnished by plaintiff, and in refusing plaintiff the right to tack that account to its own bill of material, thus enabling it to avoid the statute requiring lien statements to be filed within ninety days from the date of the last item.

Judgment affirmed.

JAGGARD and SIMPSON, JJ., took no part.